IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RICHARD LATHAM                                                         PLAINTIFF

v.                                Case No. 4:24-cv-04040

KRISTAL MCGUIRE                                             DEFENDANT

## ORDER

Before the Court is Plaintiff's failure to comply with Court Orders and prosecute this matter. On May 14, 2024, Plaintiff Richard Latham submitted this action *pro se*. ECF No. 1. On May 16, 2024, the Court ordered Plaintiff to pay the filing fee of $405.00 or file a motion to proceed *in forma pauperis* by June 4, 2024. The Court has not received any communication from Plaintiff since May 14, 2024, when he filed the instant action. ECF No. 1.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to

comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to prosecute this case and failed to comply with the Court's Order to pay the filing fee or file a motion to proceed *in forma pauperis* by June 4, 2024. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 10th day of June, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge